IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10232
_____


DANIEL JOE HITTLE,

                              Plaintiff-Counter-
                              Defendant-Appellant,

versus

CITY OF GARLAND TEXAS,

                              Defendant-Counter Claimant-
                              Appellee,

and

GARLAND POLICE DEP'T; JOHN
DOES, 1-10, J.G. GEORGE, City
of Garland Police Officer; D. SWAVEY,
City of Garland Police Officer;
D.W. ROEHRIG, City of Garland Police
Officer; J. HOLMES, City of Garland Police
Officer; S.A. CROSS, City of Garland
Police Officer,

                              Defendants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:91-CV-2621-T
- - - - - - - - - -
(August 11, 1995)

Before  REYNALDO G. GARZA, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

     In this civil rights case, the plaintiff has filed a notice of

appeal from a interlocutory judgment entered February 6, 1995,

---

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

dismissing his claims against the City of Garland, Texas. The plaintiff's claims against five other individual defendants remain to be adjudicated. The appellee correctly argues that the order is not appealable.

When an action involves multiple parties or multiple claims, any decision that adjudicates the liability of fewer than all the parties or disposes of fewer than all the claims does not terminate the litigation and is therefore not appealable unless certified under Fed. R. Civ. P. 54(b). See Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985). The district court has not certified the order for appeal. Accordingly, this court is without jurisdiction.

APPEAL DISMISSED.